```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X    DOCKET NO. _____
MARCOS GROCERY & DELI INC.,
                        Plaintiff(s),
       -against-                                                       COMPLAINT

UNITED STATES OF AMERICA and UNITED
STATES DEPARTMENT OF AGRICULTURE,
                        Defendant(s)
------------------------------------------------------------------X
```

**THE PLAINTIFFS,** MARCOS GROCERY & DELI INC., by their attorneys, Benjamin Sharav and Victor J. Molina, as and for its Complaint herein, allege the following:

## SUMMARY OF CLAIMS

1. This action seeks a de novo judicial review challenging the disqualification from the Food Stamps Program by the United States Department of Agriculture. See Ai Hoa Supermarket, Inc. v. United States, 657 F. Supp. 1207, 1208 (S.D.N.Y. 1987); see also 7 C.F.R. § 279.7(a) and a stay of disqualification pending resolution of this matter. The Order for which review is denoted "Final Agency Decision" and was dated December 9, 2025, by the U.S.D.A., Food and Nutrition Service Administrative Review Branch in Alexandria, Virginia, Case Number: C0273944, captioned MARCOS GROCERY & DELI INC., Appellant, v. FNS Retailer Operations Division, Respondent, and delivered after that date.

2. A retail food store disqualified or fined under the Food Stamp Act may bring an action for judicial review challenging the penalty by filing a complaint against the United States in federal district court within 30 days of receipt of the decision. See 7 C.F.R. § 279.7(a). The 30-day period runs through January 8, 2026.

3. The district court shall determine the validity of the penalty in a trial *de novo*. See 7 C.F.R. § 279.7(c).

## JURISDICTION AND VENUE

4. This action arises under 7 C.F.R. § 279.7.

5. This court has original jurisdiction over this action under 7 C.F.R. § 279.7(a). Venue is properly established in the Southern District of New York pursuant to 7 C.F.R. § 279.7(a) as an aggrieved party may obtain judicial review of a determination by filing a complaint against the United States in the U.S. district court for the district in which the owner resides or is engaged in business. Here, both MARCOS GROCERY & DELI INC. and Ynmaculada Colon are residents within the jurisdiction of the U.S. Southern District of New York.

## PARTIES

6. Plaintiff MARCOS GROCERY & DELI INC. is a New York corporation with principal place of business 900 Riverside Drive, New York, NY 10032. The United States allows suits against the United States in the U.S. district court for the district in which the owner resides or is engaged in business under 7 C.F.R. § 279.7(a).

## FACTUAL BACKGROUND

7. Ynmaculada Colon is the sole officer and president of the corporation, MARCOS GROCERY & DELI INC. As president and chief corporate officer Ynmaculada Colon is fully vested with the actual powers to bind the company in this action.

8. MARCOS GROCERY & DELI INC. denies the allegations raised by the United States Department of Agriculture, against the retailer. The chronology of events pertaining to the U.S.D.A.'s administrative action against the retailer are not in dispute. The U.S.D.A. Food and Nutrition Service, Field Office, issued a Charging Letter dated April 11, 2024, whereby the Department charged MARCOS GROCERY & DELI INC. with misuse of SNAP benefits in violation of 7 C.F.R. 278.2(a) of the Supplemental Nutrition Assistance Program ("SNAP")

regulations. It is important to note that the agency did not charge the defendants with trafficking in violation of 7 C.F.R. 278.6(e)(1).

9. Ynmaculada Colon and MARCOS GROCERY & DELI INC. promptly denied the allegations raised and applied for a hardship civil money penalty (CMP), in lieu of any suspension or disqualification, pursuant to Section 278.6(f)(1) of the Regulations in a correspondence sent on or about April 25, 2024, to the U.S.D.A. Field Office. Attached to the letter were records of SNAP training sessions attended by employees. FNS Retailer Operations Division acknowledged receipt of Plaintiff's Reply. In a letter dated May 13, 2024, the FNS notified Plaintiff that it had determined that violations had occurred at the establishment, and that a 6-month period of disqualification from participating in SNAP was warranted. The Disqualification letter also stated that Plaintiff was ineligible for a hardship CMP. By letter dated May 20, 2024, Plaintiff timely sent a Request for Administrative Review to the U.S.D.A., Food and Nutrition Service. Ynmaculada Colon and MARCOS GROCERY & DELI INC. challenged the disqualification issued by the Field Office.

12. In a decision denoted "Final Agency Decision," dated December 9, 2025, but only transmitted on November 29, 2025, the U.S.D.A., Food and Nutrition Service Administrative Review Branch in Alexandria, Virginia, sustained the decision of the Field Office imposing a 6-month disqualification of MARCOS GROCERY & DELI INC. from participating in the SNAP Program. By email dated February 18, 2024, Appellant, through its representative, requested an administrative review of the Retailer Operations Division's determination.

15. MARCOS GROCERY & DELI INC. has exhausted its administrative appeals and now seeks a de novo judicial review challenging the disqualification from the Food Stamps Program by the United States Department of Agriculture.

16. The complaint must be filed within 30 days after the date of delivery or service upon the firm of the notice of determination of the designated reviewer in accordance 7 C.F.R. § 279.7(a). The 30-day period runs through January 8, 2026.

## THE DECISION IS BASED ON ERRONEOUS FINDINGS AND AN ABSENCE OF FACTS

17. The Final Agency Decision states that "Retailer Operations Division charged the Appellant firm with accepting SNAP benefits in exchange for merchandise which included common ineligible non-food items in violation of 7 CFR § 278.2(a)."

18. The reports cited in the Decision are deficient in that they fail to clearly establish that any ineligible items were sold in exchange for SNAP benefits. There were three instances between February 14, 2024 and February 27, 2024 in which investigators from the FNS Department visited the store as part of their undercover "sting" operation. FNS alleges that in each of those visits there were violations warrant a disqualification period of 6 months. The Department provides a "Report of Positive Investigation" from an "Investigator" whose name is redacted. Not only is the investigator's identity redacted, but the Report does not show evidence of any signature.

19. The Individual Investigative Transaction Reports, delineated as Transactions "A," "B," and "C" are also deficient.. The reports from the other transactions are ambiguous. The investigator makes no specific mention of any non-eligible items being purchased in exchange for SNAP benefits. There's only a tangential statement that "The clerk made no mention of the non-food item being purchased using SNAP benefits." The second page of each Transaction Report shows that several items were presented for purchase, but prices are shown for only one of the several items. So, it is impossible to tell if any ineligible items were charged to the FNS SNAP accounts.

20. The investigator acknowledges that he attempted to obtain cash from the store in exchange for SNAP benefits, but he was rebuffed by the store clerk.

21. FNS also redacted the name of the investigator and even the time of day when the purchases were made, making it difficult for the respondent (the plaintiff herein) to track down the transactions for his response.

22. Plaintiff respectfully submits that that raised questions about the accuracy of the investigation and the report. The U.S.D.A. is the party with access to the E.B.T. records and the U.S.D.A. certainly could have provided evidence of the amount—if any—that plaintiff allegedly charged for these ineligible items. The absence of an indication of the price paid leaves it completely unclear whether the item was charged to the E.B.T. account at all.

23. MARCOS GROCERY & DELI INC. has exhausted its administrative appeals and now seeks a de novo judicial review challenging the disqualification from the Food Stamps Program by the United States Department of Agriculture.

24. The complaint must be filed within 30 days after the date of delivery or service upon the firm of the notice of determination of the designated reviewer in accordance 7 C.F.R. § 279.7(a). This complaint and Order to Show Cause are filed within that deadline.

**WHEREFORE**, the plaintiffs request that the Court grant the following relief:

1. That the Court stay the disqualification of Plaintiffs from the SNAP program pending a hearing on this matter.

2. That the Court grant a de novo judicial review challenging the disqualification of Plaintiffs from the SNAP Program by the United States Department of Agriculture as under the Food Stamp Act, the validity of the administrative decision is reviewed de novo (7 C.F.R.§ 279.7(c); see also <u>Ai Hoa Supermarket, Inc. v. United States</u>, 657 F. Supp. 1207, 1208 (S.D.N.Y. 1987).

3. Grant such and other relief as the Court may deem proper.

Dated: New York, New York
January 2, 2026

Benjamin Sharav
BS-8536
Law Office of VICTOR J. MOLINA
VJM-1741
Attorney for Plaintiffs
930 Grand Concourse, Ste. 1A
Bronx, NY 10451
Tel.: (718) 401-1600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
MARCOS GROCERY & DELI INC.

                                Plaintiffs,

         -against-

UNITED STATES OF AMERICA and UNITED
STATES DEPARTMENT OF AGRICULTURE,

                               Defendant(s)
-------------------------------------------------------------------X

DOCKET NO. _____

**VERIFICATION**

STATE OF NEW YORK   }
                          }SS:
COUNTY OF BRONX     }

     YNMACULADA COLON A/K/A YNMACULADA ESPINO DE LEON, being duly sworn, deposes and states:

    1.    I am the President of MARCOS GROCERY & DELI INC. the entity plaintiff, in this action.

    2.    I have read the within complaint and prepared by my attorney and know the contents thereof.

    3.    The contents are true to my knowledge, except as to those matters therein stated be on information and belief, and as to those matters, I believe them to be true.

Dated: Bronx, N.Y.
      December 30, 2025

                                                X _____
                                                MARCOS GROCERY & DELI INC.
                                                By YNMACULADA COLON A/K/A
                                                YNMACULADA ESPINO DE LEON,
                                                President

Subscribed and sworn to before me on
December 30, 2025

_____
     NOTARY PUBLIC

                                                Victor J. Molina
                                          Notary Public, State of New York
                                          No.: 02MO6249338
                                          Qualify in Bronx County
                                          Commission Expires
                                          Nov., 7th 20.27

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISRTICT OF NEW YORK

---

MARCOS GROCERY & DELI INC.,

                Plaintiff(s),

-against-

UNITED STATES OF AMERICA,

                Defendant

DOCKET NO. _____

**COMPLAINT**

---

Benjamin Sharav
Law Office of VICTOR J. MOLINA
VJM-1741
Attorney for Plaintiffs
930 Grand Concourse, Ste. 1A
Bronx, NY 10451
Tel.: (718) 401-1600

---

To:
| United States of America | United States Department of Agriculture |
| c/o Attorney General, U.S. | Food and Nutrition Service |
| Department of Justice | Administrative Review Branch |
| 950 Pennsylvania Avenue NW | 1320 Braddock Place, Room 5042 |
| Washington DC 20530 | Alexandria, VA 22314 |